[Civ. No. 2348. First Appellate District.—December 6, 1917.]

CITY OF OAKLAND (a Municipal Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—INJURIES TO TEAMSTER EMPLOYED IN MUNICIPAL WOODYARD—REMOVING HOUSEHOLD GOODS OF INDIGENT FAMILY — RIGHT TO COMPENSATION.— A municipal corporation is liable under the Workmen's Compensation Act for injuries received by a teamster employed in the municipal woodyard while engaged

under the direction of the superintendent of the yard in removing the household goods of an indigent family, where it was shown that the purpose of the woodyard was to provide employment for indigent families and the powers and duties of the superintendent in reference to the uses which were to be made of services of indigent teamsters broader than that of merely directing the delivery of wood.

APPLICATION for a Writ of Certiorari originally made to the District Court of Appeal for the First Appellate District to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Paul C. Morf, City Attorney, and Dr. Lancey C. Smith, Assistant City Attorney, for Petitioner.

Christopher M. Bradley, for Respondents.

Burton J. Wyman, for Respondent Norton.

THE COURT.—The application of the city of Oakland, a municipal corporation, for a writ of review herein sets forth that one H. F. Norton had heretofore presented a petition before the Industrial Accident Commission for the adjustment of his claim against the petitioner herein arising out of an accident alleged to have occurred while in the employ of the petitioner on the fourteenth day of August, 1916. Upon the hearing before the said commission the evidence showed that the city of Oakland has established and maintained a municipal woodyard under an ordinance of said city, the terms of which ordinance, however, were not presented in evidence; that the nature of the applicant's employment was that of a teamster, whose general duties were those of delivering wood, hauling garbage, and performing such other services as might lawfully be required of him by the superintendent thereof within the scope and purposes and object of the institution. That on the eighteenth day of August, 1916, the said applicant, as such teamster, was instructed by the superintendent to deliver a load of wood to a certain address, and after so doing to proceed with his team to the dwelling of an indigent family for the purpose of moving its household goods. While so proceeding to the fulfillment of this latter instruction the applicant's team and wagon came in collision

with an electric car on the streets of the city of Oakland, whereby he was thrown from his wagon and injured.

The Industrial Accident Commission made an award in his favor and against the petitioner herein, and upon this proceeding the petitioner contends that said award was beyond the authority and jurisdiction of the commission, for the reason that the evidence and findings of the commission showed affirmatively that at the time said applicant received his said injuries he was not engaged in the performance of any service growing out of or incidental to his employment as a teamster for the said municipal woodyard of this petitioner, nor was he acting within the scope of the purposes for which said woodyard was created.

In support of this contention the petitioner herein urged upon the hearing that upon the face of the findings of fact made by said commission it was entitled to the issuance of this writ, for the reason that the findings affirmatively show that the purpose for which said municipal woodyard was established and maintained was that of giving indigent unemployed persons board and lodging in return for labor in said woodyard, and that it was beyond the scope of the purposes of said institution and of the powers of its superintendent to direct the applicant to move an indigent family not in any way connected with said woodyard, and hence that in the performance of such service the said applicant was outside the scope of his employment.

It is true, as contended by said petitioner, that there are certain portions of the findings which are susceptible of such a construction, and that the findings of the commission might have been made much more definite with references to the scope and purposes of the creation and maintenance of this municipal institution. But, on the other hand, taking the findings of the commission as a whole, we think it sufficiently appears that the general purpose for which said institution was established and maintained was that of providing employment and relief for indigent persons and families within the city of Oakland, and that the powers and duties of its superintendent of such institution with reference to the particular uses which were to be made of the services of the applicant as a teamster were broader than that of merely directing the delivery of wood, and that, to use the language of sections 4 and 5 of the findings of said commission: "(4) The adminis-

tration of said woodyard was conducted by a superintendent whose duties and powers as such were to *generally* administer the same for the purposes of its establishment, namely, *the relief of indigent persons.* (5) That the duties of the said teamster were to perform all such services as were required of him by the said superintendent within the scope of the purposes and objects of said woodyard.".

In view of these express findings we are unable to say that the direction given to the teamster to remove the household goods of an indigent family, in the course of performing which he was injured, was one outside of the powers of the superintendent of the institution and beyond the scope of the purposes of its creation. This being so, the evidence must be held to be sufficient to support the award of the commission. An examination of the evidence taken on the hearing before the commission also sufficiently shows that it was sufficient to justify the aforesaid finding.

For the foregoing reasons the petition herein is denied.