[L. A. No. 6809. In Bank.—December 20, 1921.]

FLORENCE RITCHIE DEARBORN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—REVIEW OF PROCEEDINGS—POWER OF COURT.—An annulment of an award of the Industrial Accident Commission is authorized only when the commission acted without or beyond its powers, or when the award was procured by fraud, or is unreasonable, or when the findings of fact do not support it.

[2] ID.—COMPENSATION FOR DEATH—NONCASUAL CHARACTER OF EMPLOYMENT—SUFFICIENCY OF EVIDENCE.—In this proceeding to review an award of compensation for death, the finding that the employment of the deceased was not casual under section 8 (c) of the Workmen's Compensation Act of 1917 is held to be supported by the evidence and, as a consequence, that the commission did not exceed its jurisdiction in making the award.

1. Review of facts under Workmen's Compensation Act, notes, Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647.

2. Who are casual employees within the meaning of Workmen's Compensation Acts, notes, L. R. A. 1916A, 120, 247, 365; L. R. A. 1917D, 147; L. R. A. 1918F, 202.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Jerome H. Kann for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

WASTE, J.—This is a proceeding brought to review, and have annulled, an award of the respondent, the Industrial Accident Commission. S. E. Hayden was killed on March 24, 1920, while working as a carpenter for Florence Ritchie Dearborn, the petitioner herein. The accident was caused by his being thrown from an automobile while on his way to a telephone to order lumber needed in the erection of the building on which he was working. He left surviving him the other respondents, a widow and three minor children, who were dependent upon him for support. The employer denied any liability for compensation for the death of Hayden, and the dependents made due application for an adjustment of the claim. There were two hearings before the commission. On the first the applicants were awarded the sum of $4,999.98. That decision was confirmed on the rehearing. Thereupon the petitioner brought this proceeding in review.

The defendant before the commission, the petitioner here, denied liability for compensation in the matter of Hayden's death upon the ground that his employment was both casual and not in the course of petitioner's trade, business, profession, or occupation. There was ample proof that Hayden, at the time of receiving the injuries from which he died, was actually performing services for Mrs. Dearborn. The burden was, therefore, cast upon petitioner to prove that the deceased was an independent contractor in the matter, or otherwise excluded from the provisions of the Compensation Act. (Workmen's Compensation Act, sec. 19d, Stats. 1917, p. 849.) She was unsuccessful before the commission, which found that the employment of Hayden was not casual, and made the award. The correctness of that finding presents the only point of controversy on the hearing.

The material facts appear without conflict. Mrs. Dearborn, the petitioner, is associated with her husband in ranch-

ing near Blythe, in this state. Being desirous of having a small dwelling-house erected for the occupancy of her brother and his family, she employed the deceased Hayden to attend to the matter for her. She ordered the lumber and paid the labor bills. Her testimony relating to the employment is that "he [Hayden] was to build that little house at Fertilla. He was to receive his pay by the day; that was what he asked; he did not ask for pay any other way. I employed him. I authorized him to employ the other carpenters. There was no understanding with him that I would give him a lump sum of money for building the house so that he could pay them; the arrangement was hurried; there was nothing said about help. Ultimately the price [for the help] would come out of my pocket. The only sum that was mentioned was the amount he asked me for his services by the day—that was $8.50. That is what I agreed to pay him. There was no provision whatever in the arrangement with Mr. Hayden by which a sum of money was to be paid to him for building this house, out of which he could pay these other men." It appears, also, that Mrs. Dearborn bought and paid for all the lumber and materials used in the erection of the building. It seems conclusively established, therefore, that the deceased was not an independent contractor in building the house. Was he otherwise excluded from the protection of the act? To have worked this result his employment must have been both casual and not in the course of the business or occupation of his employer. As before stated, Mrs. Dearborn was engaged, with her husband, in farming. Respondents do not contend that the employment of Hayden was in the course of that business. Hence the inquiry narrows to a consideration of the alleged nature of his work.

The relevant portion of the Workmen's Compensation Act, section 8(a) (Stats. 1917, p. 835), provides that the term "employee," as used in sections 6 to 31, inclusive, of the act, shall be construed to mean "every person in the service of an employer, . . . but excluding," among others, any person whose employment is casual. Section 8(c) of the act provides that the term "casual" "shall be taken to refer only to employments where the work contemplated is to be completed in not exceeding ten working days, without regard to the number of men employed, and where the total

labor cost of such work is less than one hundred dollars.''
The application of this test to the facts of the case presents
the question to be determined.

[1]    At the outset of this inquiry we may repeat what was
said by the present chief justice in *Southern Pac. Co.* v. *Industrial Acc. Com.*, 177 Cal. 378, 380, [170 Pac. 822];
''This court, in reviewing awards of the commission, is not
acting as a court of appeal. It has no power to weigh the
effect of positive evidence. It must assume that the com-
mission believed all the evidence given which tends to sus-
tain the award made. . . . Section 84 [sec. 67 of the present
act] of the Workmen's Compensation Act, which gives us
the power we are now exercising over this award of the
commission, authorizes us to annul an award only when the
commission acted without or beyond its powers, or when the
award was procured by fraud, or is unreasonable, or when
the findings of fact do not support it. The findings are not
subject to review except in so far as they may have been
made without any evidence whatever in support thereof.
The review of the findings, even in such cases, is not based
on the theory that they are not supported by the evidence,
and that we are weighing evidence to determine that propo-
sition, but upon the theory that the commission has no juris-
diction to make a finding where there is no evidence to
support it.'' This restatement of the power of the court on
review in these proceedings is pertinent, for the reason that
the petitioner takes the position that there was no evidence
in this proceeding below to support the finding of the non-
casual character of Hayden's employment, and that, as a
consequence of such absence of fact, the commission exceeded
its jurisdiction in making the award. If the petitioner's con-
tention is correct the award must be annulled, otherwise it
must stand.

According to the testimony before the commission, Mrs.
Dearborn contemplated the construction of a small dwelling
on property to be purchased, to be occupied by her brother
and his family. She wanted the work to be done quickly,
Consequently, she talked the matter over with the decedent,
and employed him in the manner already shown. She was
assured by Hayden that the work would take three or four
days. Mrs. Dearborn and Hayden, together, ordered the
first list of materials for the building. Hayden secured two

carpenters to work with him on the job for two or three days, agreeing to pay them $8.50 per day, the same wages he was to be paid by the petitioner. The work was commenced on Wednesday, and had not proceeded far before the carpenters found they were short the amount of milling needed for the building. Hayden started to go to a near-by store to telephone to the lumber company about the shortage of material. He had not gone far when Mr. Ritchie, brother of Mrs. Dearborn, for whose use the latter was building the house, volunteered to take him to the store in his automobile. On the way Ritchie turned suddenly to avoid running down a chicken. As the auto swerved back into the roadway, which was in the sand, Hayden was thrown out, coming into violent contact with the ground, and sustained the injuries which resulted in his death. The work on the building was interrupted for a short time on the day of the accident, and for a like period on the day Hayden was buried. Lumber and materials for the job, costing in all $454.39, were ordered, from March 24th to and including April 9th. It was used in the building. Mrs. Dearborn testified that workmen were on the job all the time between those dates. Switzer, the last of the carpenters to be paid off, received a check dated April 10th. He testified that he worked but eight, nine or ten days, but the fact remains that the materials were being furnished to and were used in the erection of the structure by someone over a period far in excess of ten days. The total cost of the labor for the building was $189.15. On the foregoing evidence the commission based its findings and made the award.

The petitioner seeks to avoid the effect, and compelling force, of the evidence already summarized, by asserting that, while the cost of the labor on the finished house and the length of time consumed in its erection unite to remove the work of decedent from the category of a "casual employment," the work actually "contemplated" by her when she employed Hayden was completed within ten days, and at a cost for labor of less than one hundred dollars. In support of this contention she testified that the structure she was building for the occupancy of her brother and family was to be completed only as far as the exterior was concerned. No inside comforts or furnishings were to be provided, and no toilet was to be built on the premises; that as the work

progressed she changed her mind, and, in order to make the place more habitable as a dwelling, she went ahead and completed the structure. She relies upon evidence of an alleged understanding with the decedent, Hayden, that the house would be built in three or four days, and her own testimony as to what work she contemplated at the time. However that may be, at one point in her testimony Mrs. Dearborn testified that she employed Hayden "with the expectation that he would remain to finish—to go through with the building." It is quite clear that the death of Hayden in no way operated to cause any change in the plans for the building. It seems only reasonable to infer that the work actually contemplated by the petitioner, when she employed Hayden, was the erection of some kind of a dwelling-house, which would be habitable and at least fairly comfortable when occupied by her relatives. She may not have had very definite ideas on the subject as to the cost and duration of the work. Whatever her plans may have been, her testimony last quoted shows that it was undoubtedly within her contemplation that the decedent would remain to finish the work of erecting the building. That work, as has been shown, took more than ten days and the cost of the labor was in excess of one hundred dollars. In the judgment of the commission the petitioner did not successfuly overcome the burden of proof imposed by the statute. It specifically found that the evidence before it was insufficient to show that the work contemplated was confined to exterior work and flooring, and did not include interior work and the toilet.

The respondents point out that, if it were true that the work contemplated by the petitioner, when she employed the decedent, was to be completed in four days, there would still be evidence to support the finding of the commission that the cost of the labor was in excess of one hundred dollars, and the employment was, therefore, not casual. The carpenters, and there were three of them, each received $8.50 per day. At that rate the cost of their labor alone for the four days would amount to $102.

[2] From this review of the proceedings it clearly appears that facts were not wanting before the commission to justify the finding that the total labor cost of the building upon which the decedent employee was engaged was in excess of one hundred dollars, and the time occupied by the

contemplated work more than ten days. Its conclusion, based thereon, that the employment was not casual is amply supported. The commission was, therefore, not without jurisdiction in the matter, and the award is affirmed.

Lennon, J., Wilbur, J., Richards, J., *pro tem.,* Shaw, C. J., Shurtleff, J., and Sloane, J., concurred.