[S. F. No. 10434. In Bank.—September 12, 1923.]

## H. WHITE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—EVIDENCE.—In this proceeding to review an award of the Industrial Accident Commission for injury sustained by one claimed to be an employee of petitioner, it is held that it cannot be said that there was no substantial evidence in the record which justified the finding of the Industrial Accident Commission that at the time of the accident and injury the injured party was in the employ of the petitioner and was at that time actually engaged in doing work for him.

PROCEEDING in Certiorari to annul an award of the Industrial Accident Commission for personal injuries. Award affirmed.

The facts are stated in the opinion of the court.

G. C. Ringole for Petitioner.

A. E. Graupner for Respondents.

WASTE, J.—This is a proceeding in review to annul an award of the Industrial Accident Commission. The petitioner, H. White, was engaged in the construction of a summer home at Middletown, in Lake County, during the summer of 1921. The work was done by day labor under the supervision of a foreman, Benjamin Althof, employed by the petitioner. During the entire period of construction, Hans

Johnsen, the applicant before the Industrial Accident Commission, and one of the respondents here, a former sailor and stevedore, was employed about the place as a laborer or a sort of "man of all work." He was so engaged during the latter part of September, at which time Mr. White, becoming dissatisfied with the progress of the work, decided to suspend all building operations and to wait until spring for its completion. He reconsidered this intention, however, and entered into a contract in writing with Althof, by the terms of which the latter agreed to complete all the carpenter work and rough concrete work required in the erection of the building for the sum of $850. Before making this contract, White had made arrangements with S. Sapero, a painter residing in Oakland, to do the painting on the job, at the rate of eight dollars per day, the owner to furnish the materials. Sapero did all the painting he could on the job, but, as the roof was not completed, he was laid off until it should be ready and was told to come back later on and complete that work.

There is a contradiction in the record as to when Althof began work under his contract. He testified he "took a few days off . . . but kept around looking after the work; that was outside the contract." Other testimony would tend to indicate that he was doing work called for by his agreement. It is not certain, therefore, that Althof was not acting for petitioner when, a few days later, he directed Johnsen to paint the roof, which had in the meantime been completed. Johnsen proceeded to do the work as directed. While working on the roof, he slipped and fell to the ground, breaking his leg. It was for this injury that he applied to the Industrial Accident Commission for compensation. White, the petitioner here, his wife, and Althof were made defendants. The Commission found that Johnsen was employed by White at the time of the injury, and was working under the direction of Althof, who, it determined, was merely an agent of White in the matter. It found that the injury occurred in the course of, and arose out of, Johnsen's employment, and made an award in his favor and against petitioner. Mrs. White and Althof were dismissed from the proceedings. It is this award which the petitioner seeks to have annulled by this proceeding.

The only question presented by the record, as we have reviewed it, is one of the weight and credit to be given to conflicting testimony in the case. It was admitted that until White entered into the contract with Althof, Johnsen was an employee of White, working under the direction of Althof, who was the foreman on the job. Johnsen testified that he did not know of the nature of the new arrangement between White and Althof, and continued to take his orders from the latter as he had been previously doing. Concerning what led up to the injury received by Johnsen, Althof testified that Mrs. White directed him to have the roof painted. She was constantly in touch with the work of construction, and regularly paid the men employed on the place. She apparently gave directions concerning the work when Mr. White was not present. Althof's version of what occurred is that he and Mrs. White talked over the completion of the building. They agreed that the roof ought to be painted before "the bad weather set in." It was agreed between them that it would be a needless expense to have the painter go from Oakland to Lake County to paint the roof, because no other work was ready to be painted. Mrs. White thereupon told Althof to have the work done, and he directed Johnsen to do it. Mrs. White denied that she told Althof to have the roof painted, and did not know how it came about that Johnsen was doing the work. There is evidence that Althof, both before and after his contract with White was made, insisted that it was important that the shingles on the roof should be painted immediately. Johnsen was at the place. His wages were four dollars a day. The painter was in Oakland; his wages were eight dollars a day. Under all the circumstances it does not seem improbable, as concluded by the Commission, that the parties did agree to have the roof painted as testified to by Althof. [1] After carefully reviewing all the evidence relating to the painting of the roof, and considering that testimony in the light of the whole course of the transaction between White, Mrs. White, Althof, and Johnsen, we cannot say that there is no substantial evidence in the record which justifies the finding of the Commission that at the time of the accident and injury to Johnsen he was in the employ of petitioner, and was at the time actually engaged in doing work for him.

The award must, therefore, be sustained. (*Dearborn* v. *Industrial Acc. Com.*, 187 Cal. 591, 594 [203 Pac. 112].)

The award is affirmed.

Richards, J., *pro tem.*, Seawell, J., Myers, J., Lennon, J., Lawlor, J., and Wilbur, C. J., concurred.