[Civ. No. 5869.  First  Appellate  District,  Division  One.—July  20, 1927.]

THE FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MARIE E. GARD-INER, Respondents.

Chickering & Gregory for Petitioner.

G. C. Faulkner for Respondents.

CASHIN, J.—A proceeding in *certiorari* to review an order of the Industrial Accident Commission awarding compensation for the death of Alexander S. Gardiner.

The petitioner was the insurance carrier for a copartnership known as Balfour, Guthrie & Company, by whom the deceased was employed at the time of his death.

The deceased had been an employee of the insured for several years and in June, 1926, was sent by his employers from San Francisco to Valparaiso, Chile, to represent them at a nitrate conference to be held in the latter city.

Although the primary object of the trip was to attend the conference, the deceased was also instructed to visit various concerns in South America with whom his employers were interested in a business way.

Pursuant to his instructions, the employee left San Francisco on June 12, 1926, stopping at several places en route to Valparaiso, where he arrived on July 8th, and where he remained until July 18, 1926.

Upon the completion of his duties there he visited several places and ports where nitrate is produced and shipped, arriving at Illa on July 25th, where he showed signs of illness, and at Arequipa, Peru, on July 27th, at which place he was taken to a hospital, where his death occurred on August 11, 1926.

According to the diagnosis of physicians by whom he was treated, his death was caused by typhoid fever.

It was found by the Commission that the employee sustained an injury arising out of and in the course of his employment, to wit, the contraction of the disease mentioned, which was the proximate cause of his death; and made an award to his widow.

It is contended by petitioner that the disease contracted by the deceased was due to a risk of the commonalty, and as a consequence did not arise out of nor was it proximately caused by the employment, and, further, that at the time the disease was contracted the deceased was not performing a service for his employers.

The testimony shows that one of the employers at least was familiar with health conditions in Chile and Peru, and that through him the deceased was warned of the danger of contracting the disease and advised as to the precautions to be taken to avoid it.

It further appears that the disease, while not epidemic in the places visited, was prevalent there and owing to sanitary conditions a constant source of danger.

It is clear from the testimony that the employers were aware of the danger and that the employee, during the period which elapsed between the arrival at Valparaiso and the date he reached Arequipa, was engaged in performing the duties of his employment, and the evidence reasonably supports the conclusion that the disease was contracted during that period.

While an employee who contracts a contagious or infectious disease has the burden of showing affirmatively that he was subjected to an exposure in excess of that of the commonalty and in the absence of such showing his illness or death cannot be said to have been proximately caused by an injury arising out of his employment (*Pattiani* v. *Industrial Acc. Com.*, 199 Cal. 596 [250 Pac. 864]), the question is one of fact for the Commission, and its finding thereon if reasonably supported cannot be disturbed. (*Engels Copper etc. Co.* v. *Industrial Acc. Com.*, 183 Cal. 714 [11 A. L. R. 785, 192 Pac. 845].)

In *Pattiani* v. *Industrial Acc. Com.*, *supra*, the employee was sent by his employers from San Francisco to several eastern cities, including New York. Typhoid was epidemic

in the latter city, but so far as shown, the condition was unknown to the employers.

The employee contracted the disease and it was claimed that the infection was caused by his having eaten contaminated oysters while in New York.

The finding of the Commission was adverse to the claim and the court in affirming the order said: "The Commission found against that contention and by so doing must be held to have negatived the conclusion that appellant contracted said disease because of the existence of such epidemic in said city, or by any contact with such prevailing disorder."

The court refers in its opinion to the cases of *Dryden* v. *Lackman Bros.*, 8 Cal. I. A. C. 14, *Shepherd* v. *A. Schilling & Co.*, 11 Cal. I. A. C. 57, and *Miller* v. *Simon-Newman Co.*, 12 Cal. I. A. C. 276, decided by the Commission, in which petitions for writs of review were denied.

In each of these cases, as well as in the case then being considered, certain of the probative facts were similar to those of the present case; but with the exception of *Miller* v. *Simon-Newman Co.*, the conclusion drawn therefrom by the Commission was adverse to the claimant, and unlike the case at bar it was not shown that the employer was aware of the prevalence of the disease contracted by the employee or the danger of infection in the place to which the employee was sent.

In the latter connection the court said: "In arriving at our conclusion in the instant case we are not to be understood as announcing a rule which might be applicable to a case wherein the employer directs his employee to go to a place wherein within the knowledge of the employer there is prevalent a contagious or infectious disease."

In affirming the orders of the Commission in the foregoing cases the review was limited to a determination of whether there was evidence supporting the findings (*Southern Pacific Co.* v. *Industrial Acc. Com.*, 177 Cal. 378 [170 Pac. 822]), and it cannot be said that had the conclusions of the Commission been otherwise the awards would have been annulled.

The court is without power to determine the weight to be given the evidence (*Dearborn* v. *Industrial Acc. Com.*, 187 Cal. 591–594 [203 Pac. 112]), or which of two op-

posing inferences should be drawn therefrom (*Western Pacific R. R. Co.* v. *Industrial Acc. Com.*, 193 Cal. 413 [224 Pac. 754]). Moreover it is unnecessary that the findings in its judgment shall accord with the preponderance of the evidence (*San Francisco* v. *Industrial Acc. Com.*, 183 Cal. 273–282 [191 Pac. 26]), and unless it can be said that there was no evidence reasonably sufficient to support the findings, the award must be affirmed.

In the present case the conditions shown were not unlike those in *Miller* v. *Simon-Newman Co., supra,* wherein a writ of review was denied; and in addition it appears that the employers were aware of the prevalence of the disease contracted by the employee in the localities which he was directed to visit. Furthermore, the evidence sufficiently shows that the inhabitants of these localities, while not immune from the disease, were less subject to infection therefrom than foreigners, and we are unable to say that the conclusion of the Commission that the employee was subjected to an exposure in excess of that of the commonalty was not reasonably supported.

The award is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 14, 1927.