[Civ. No. 5964. Second Appellate District, Division One.—May 3, 1928.]

MARYLAND CASUALTY COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and CALVERT BRILEY, Respondents.

Kidd, Schell & Delamer for Petitioners.

G. C. Faulkner for Respondents.

SHAW, J., *pro tem.*—The petitioners seek to annul an order of the Industrial Accident Commission awarding compensation to Calvert Briley, an employee of petitioner California Lutheran Hospital, for an injury to his eyes. Briley was employed by the California Lutheran Hospital as a cook and testified that while he was engaged in his work as such cook he stooped over to look into the oven of a gas range, and that as he did so there was a gas explosion in the range and a blast of flame suddenly came out of the oven door and struck him in the right eye, burning the eye and some of the hair on his face around it and causing a sharp pain in the eye; that the eye immediately swelled shut and that he has not been able to see out of it since. He further testified that the flame did not strike his left eye and he then felt no pain in it, but that since the accident the sight of his left eye has gradually failed and that before the accident occurred his sight was good in both eyes. The Industrial Accident Commission found that Briley was "burned in *left* eye by flame from gas stove, causing injury to left eye, affecting the vision of both eyes."

The petitioners contend, first, that the evidence does not show that Briley suffered any injury at all to either eye and hence does not support the finding on that point. The only direct testimony as to the accident is that of Briley, and petitioners' argument is based upon an analysis of his testimony in an attempt to show that it is vague, uncertain, and contradictory. But, conceding it to be so, it was evidently believed by the Industrial Accident Commission, and their action in that respect is binding upon us, unless the facts testified to are inherently improbable or the inferences drawn from them are manifestly unreasonable, which we do not think can be said in this case. We notice that while Briley testified that the direct injury was to his right eye only and that there were apparent subsequent effects upon his left eye, the Commission found that the direct injury was to the left eye. The petitioners do not stress this discrepancy, and we are satisfied that it affords no ground for annulling the award. Briley's application for compensation filed with the Industrial Accident Commission merely states that "right was totally blinded, left eye was partly blinded," thus raising no issue as to which eye received the direct injury; and the answer filed

thereto, while denying that either eye was injured, does not specifically attempt to put that question in issue. It is manifest that there was a clerical error in drawing this finding, but it does not affect the substance of the issue litigated before the Industrial Accident Commission, which was whether Briley received an injury which affected the sight of both eyes. Since the Commission found on sufficient evidence that there was such an injury, the question whether the direct injury was to the right eye or to the left eye may be considered as immaterial. To annul this award for such an error on an immaterial issue would be to prefer form to substance. Such a ruling would not be made even on a direct appeal from the judgment of a court (2 Cal. Jur. 1028, 1029) ; and it is well settled that our powers over an award of the Industrial Accident Commission are less extensive than those given us on appeal from the decisions of the courts. (*Dearborn* v. *Industrial Acc. Com.*, 187 Cal. 591 [203 Pac. 112] ; 27 Cal. Jur. 582.)

 Petitioners contend further that there is no evidence showing that the accident to which Briley testified caused the disability for which the award was made or affected the vision of either eye. We have carefully read the evidence on this point, but can see no sufficient reason for reproducing it here. Undoubtedly the petitioners made a strong showing by the testimony of their expert witnesses that Briley's loss of vision was due to a pre-existing disease and that the burn caused by the gas explosion was not severe enough to affect his vision at all; but there was some evidence from which a contrary inference could be and was drawn by the Commission, and we cannot substitute our judgment for theirs or annul the award, even should we entertain different views as to the weight of the evidence. One of the petitioners' expert witnesses conceded that the accident may have "touched off" the disease and thus hastened the final result. There was other evidence, but this alone would be sufficient to uphold an award. "Acceleration or aggravation of a pre-existing disease is an injury in the occupation causing such acceleration." (*Eastman* v. *Industrial Acc. Com.*, 186 Cal. 587, 594 [200 Pac. 17, 20].)

The award is affirmed and the writ is discharged.

Houser, Acting P. J., and York, J., concurred.

An application by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 2, 1928.

All the Justices present concurred.