The TRAVELERS INSURANCE CO.,
Plaintiff,

v.

P. J. DONOVAN, Deputy Commissioner, etc., Defendant.
Civ. A. No. 1023–54.

United States District Court
District of Columbia.
Oct. 26, 1954.

Ernest Swingle, Washington, D. C., for plaintiff.

Ward E. Boote, Asst. Sol., Department of Labor, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action by the insurance carrier to set aside any award under the local Workmen's Compensation Act.[1] Candor compels the Court to state that its first impression was that the award of the Deputy Commissioner was predicated on a very far-fetched basis. More intensive study and reflection have led the Court to the opposite conclusion.

The claimant was employed by her employer, the American Red Cross, here in Washington, and was later assigned to duty in Kyoto, Japan. While at Kyoto, she contracted tuberculosis. The stipulated facts are that the incidence rate of tuberculosis in Kyoto for the year 1951 was 1,040 per 100,000 of population, and for the year 1952 it was 1,090 per 100,000 of population; while the incidence rate of tuberculosis in the District of Columbia was only 220.9 per 100,000 of population in 1951, and was only 215.7 for the year 1952.

In other words, the incidence rate of tuberculosis in Kyoto, Japan, was five times that in the District of Columbia. Having been sent to Japan, this claimant incurred a risk of contracting tuberculosis which was five times the risk to which she would have been subjected had she remained at home. It seems to me that it is not unreasonable for the Deputy Commissioner to reach the conclusion, therefore, that the tuberculosis was contracted not only during the employment but also out of the employment, because there was an aggravated risk as a result of her being sent to work in an area with a comparatively high incidence rate.

The Court is of the opinion that the conclusion of the Deputy Commissioner is supported by a decision of a California intermediate appellate court, Fidelity & Casualty Co. of New York v. Industrial Accident Commission of California, 84 Cal.App. 506, 258 P. 698. In that case the employee was sent by his employer from San Francisco to Chile. The evidence showed that typhoid fever was much more prevalent in Chile than it was in San Francisco. While in South America the claimant contracted typhoid fever. The court concluded that the Commission had the right to infer that the disease was contracted as a result of exposure to the aggravated risk and, therefore, was a compensable injury.

The case on which the plaintiff relies, Ayers v. Hoage, 61 App.D.C. 388, 63 F.2d 364, appears to the Court to be distinguishable in principle. That case, too, involved an employee who acquired tuberculosis while employed. But there we have a person living and working in the District of Columbia, who was not exposed to any additional risk as a result of which he contracted tuberculosis. In the case at bar, the claimant was sent to an area in the course of her employment, in which the chances of contracting tuberculosis were five times that of contracting tuberculosis in the District of Columbia.

To a certain extent it must be realized that the inference drawn by the Deputy Commissioner results from the weighing of probabilities. It may well be that in an action for damages governed by the principles of the common law the causal relationship between the employment and the tuberculosis could not be deemed to have been sufficiently established. Different principles govern claims under the Workmen's Compensation Act, however. It is for the Commissioner to draw inferences from the evidence, and here the facts are stipulated and are not in dispute.

The court is of the opinion that the inference drawn by the Deputy Commis-

[1]. The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., is also the Workmen's Compensa-

tion Act for the District of Columbia, D.C.Code 1951, § 36-501, 33 U.S.C.A. § 901 note.

sioner is not so unreasonable and is not so lacking in being founded on substantial evidence as to justify any interference on the part of the court. Accordingly the action of the Commissioner will be sustained. Plaintiff's motion for summary judgment is denied, and the defendant's motion is granted.