[S. F. No. 8418. In Bank.—January 30, 1918.]

## SOUTHERN PACIFIC COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—WORK WITHIN SCOPE OF EMPLOYMENT—SUFFICIENCY OF EVIDENCE.—Although the duty of a workman, for whose death an award was made by the Industrial Accident Commission, was to take rock from a bin and place it in the furnace of a mill where he was employed, and it was not his usual or habitual duty to unload rock from adjacent cars into the bin, or to procure rock except from the bin, yet where there was evidence that, for several weeks before the accident in which he met his death, whenever there was not sufficient suitable rock in the bin, and there was good rock in the cars ready for unloading into the bin, it was his custom, and the custom of others working with him, to take rock from the cars to be placed in the furnace, and that this custom was known to and permitted by the foreman in charge of the work, and that while the deceased was getting rock in this manner he was killed by a runaway car colliding with the car from which he was getting rock, such evidence was sufficient to sustain an award based on a finding by the commission that the injury occurred while the deceased was "performing service growing out of and incidental" to his employment.

ID.—REVIEW OF AWARD BY SUPREME COURT.—The supreme court in reviewing awards of the Industrial Accident Commission is not acting as a court of appeal and has no power to weigh the effect of positive evidence, but must assume that the commission believed all the evidence which tends to sustain the award.

ID.—REVIEW OF AWARD—INCONSISTENT FINDINGS.—If there are findings which sustain the award the fact that there are others inconsistent therewith, which if taken alone might serve to annul it, will not be available for that purpose.

ID.—FINDINGS, HOW FAR REVIEWABLE.—The findings of the commission are not subject to review, except in so far as they may have been made without any evidence whatever in support thereof, the review being based on the theory that the commission has no jurisdiction to make a finding, where there is no evidence to support it.

APPLICATION to review an award of the Industrial Accident Commission of the state of California.

The facts are stated in the opinion of the court.

Henley C. Booth, and A. L. Clark, for Petitioner.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is a proceeding to review an award of the Industrial Accident Commission allowing compensation to Alice A. Hunt for the death of William M. Hunt, a fireman employed by petitioner. It is claimed that the accident which caused the death of Hunt did not arise out of his employment or occur while he was engaged therein.

The petitioner was operating a rolling-mill at Sacramento. In that work it was necessary to heat pieces of iron preparatory to rolling the same. This was done in a furnace, and to keep the iron in proper place for the application of the heat, rock was piled in the bottom of the furnace and the iron was placed thereon. The rock for this purpose was kept in a bin just outside the rolling-mill. Adjacent to this bin, but outside of the rolling-mill yard, was a railroad track, used for the purpose of carrying the rock to the bin. Between the railroad track and the bin there was a fence five feet and a half high, inclosing the rolling-mill yard. The duty of Hunt under his employment was to take a sufficient amount of rock out of the bin and put it into the furnace, in order that the iron might be placed on the rock while it was being heated. He was a night workman. On the night of his death he was engaged in his work and it was found that the rock then in the bin was too small to be suitable for the purpose. A carload of rock stood upon the track outside ready for unloading into the bin. It was not usually the duty of Hunt to unload this rock into the bin, or to go outside of the yard and get the rock out of the cars. On this occasion, however, he and the other man working with him, finding no suitable rock in the bin, went upon the car and threw the rock from it into the bin, preparatory to carrying it into the furnace. While so engaged, a runaway car came down the track, collided with the car containing the rock, with the result that Hunt was thrown to the ground and killed.

The commission made findings and an award after hearing the evidence. Finding 2 states that the injury to Hunt occurred while he was "performing service growing out of and incidental" to his employment, and while he was engaged in taking rock from the car on the track adjoining the mill

for the purpose of using the same in the line of his duty. Finding 3 states that it was a part of the duty of Hunt to procure the rock and place the same in the furnace as a bed therein; that it was not the usual or habitual duty of Hunt and those engaged with him to unload rock from the car into the bin or to procure rock except from the bin, or to go upon a car containing the rock and unload the same; that at the time of the injury there was not a sufficient quantity of suitable rock in the bin, and there was such rock in the car alongside, ready to be unloaded into the bin; that Hunt and his associates, to avoid delay in the work, got upon the car for the purpose of procuring suitable rock to keep the furnace going, and threw off pieces of rock therefrom into the bin, and that the injury occurred while he was so doing; that under similar circumstances firemen had unloaded such rock from the cars; that there was no specific rule against the same, and that under the circumstances and in the emergency the act of Hunt in procuring rock from the car was a reasonable and proper act and was within the course of his employment.

There was evidence by a witness named Merino, to the effect that for several weeks before the accident he was engaged on the premises as an employee of the petitioner, and that during that time, whenever there was not sufficient suitable rock in the bin, and there was good rock in the cars ready for unloading into the bin, it was the custom of the workmen to take the rock from the car to be placed in the furnace; that they did it right along whenever they needed big rock, and that this custom was known to the foreman in charge of the work. This clearly shows that the work of Hunt and his associate in getting suitable rock out of the car when there was none in the bin was within the scope of his duty under his employment, as the petitioner, through its agents in charge of the work, had permitted that duty to be made known to Hunt. It is amply sufficient to sustain the award of the commission on this point.

This court, in reviewing awards of the commission, is not acting as a court of appeal. It has no power to weigh the effect of positive evidence. It must assume that the commission believed all the evidence given which tends to sustain the award made. Likewise the court has no power to annul an award because the findings are inconsistent. If there are findings which sustain the award, the fact that there are other

findings inconsistent therewith which, if taken alone, might serve to annul it, will not be available for that purpose. Section 84 of the Workmen's Compensation Act, which gives us the power we are now exercising over this award of the commission, authorizes us to annul an award only when the commission acted without or beyond its powers, or when the award was procured by fraud, or is unreasonable, or when the findings of fact do not support it. The findings are not subject to review except in so far as they may have been made without any evidence whatever in support thereof. The review of the findings, even in such cases, is not based on the theory that they are not supported by the evidence and that we are weighing evidence to determine that proposition, but upon the theory that the commission has no jurisdiction to make a finding where there is no evidence to support it. We find no cause in the record before us which would justify an annulment of the award.

The writ is discharged and the proceeding dismissed.

Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.