[Sac. No. 2713.  In Bank.—March 19, 1918.]

## PEARL P. WALKER, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—REVIEW OF COMMISSION'S AWARD— QUESTIONS OF FACT — JURISDICTION OF SUPREME COURT.—The authority of the supreme court on review of an award of the Industrial Accident Commission on questions of fact to annul such award is restricted to cases where the finding of the commission is without any evidence whatever to support it.  Where there is a conflict in the testimony, or where opposing inferences may reasonably be drawn, the commission is the final arbiter.

ID.—LODGING-HOUSE KEEPER—CASUAL EMPLOYEE—LIABILITY FOR INJURIES.—Evidence that a lodging-house keeper was in the habit of employing someone to help out the chambermaid in taking up carpets and matting, and cleaning walls, transoms, windows, and curtains, warranted the conclusion that the person employed was engaged in the usual course of business of the employer, covering the normal operations which formed part of the ordinary business carried on by the lodging-house keeper, and that the person so employed, though only casually employed, was not excluded from the benefits of the Workmen's Compensation Act by section 14, which excludes from its benefits any person "whose employment is both casual and not in the usual course of the trade, business, profession, or occupation of his employer."

ID.—INTERMITTENT CHARACTER OF EMPLOYMENT. — The intermittent character of the employment is not of itself sufficient to exclude it

CLXXVII Cal.—47

from the purview of the statute, since section 14 of the act does not except employments that are casual simply, but those that are both casual and not in the usual course of the business.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, for Petitioner.

Christopher M. Bradley, and Warren H. Pillsbury, for Respondent Industrial Accident Commission.

Max Grimm, for Respondent Louis J. Robinson.

SLOSS, J.—The petitioner, Pearl P. Walker, conducted at Stockton a lodging-house containing seventeen rooms. The applicant, Louis J. Robinson, was employed by Miss Walker to do certain work in cleaning the house, and while so occupied met with an accidental injury which destroyed the sight of one of his eyes.

Section 14 of the Workmen's Compensation Act excludes from the benefits of the law any person ''whose employment is both casual and not in the usual course of the trade, business, profession or occupation of his employer.'' The commission found that Robinson's employment was casual, but that it was in the usual course of the business or occupation of the petitioner. It is contended, and this is the sole point made, that there was no evidence to support the latter part of this finding.

Our authority, with respect to the commission's conclusions on questions of fact, goes no further than to permit the annulment of an award where the commission's finding of a fact is without any evidence whatever to support it. Where there is a conflict in the testimony, or where opposing inferences may reasonably be drawn, the commission is the final arbiter.

The evidence embodied in the record indicates that it was a necessary part of petitioner's business to keep the rooms and hallways of her lodging-house in a state of cleanliness and good order. A chambermaid was employed continuously. The maid was, however, not able to do all the work, and her

efforts had to be supplemented by a man called in from time to time. The work for which Robinson was engaged was the taking up of carpets or matting, and the cleaning of walls, transoms, windows, and curtains. Miss Walker herself testified that she was in the habit of employing someone to do that kind of work occasionally, and the chambermaid stated that ever since Robinson's injury another man had been doing similar work off and on. This testimony warranted the conclusion that the employment of Robinson was in the "usual course of the business" of the petitioner. The case is not like those cited by petitioner, in which occasional repairs or overhauling were held not to be covered by this phrase. Various cases of this kind, involving a construction of the English act, were reviewed by us in *London & Lancashire Guarantee & A. Co. v. Industrial Accident Commission,* 173 Cal. 642, [161 Pac. 2], and we there said: "In cases arising under that act the expression ['course of business of the employer'] is held to cover the normal operations which form part of the ordinary business carried on, and not to include incidental and occasional operations having for their purpose the preservation of the premises or the appliances used in the business." It would not be questioned that the chambermaid, in doing the cleaning which fell within her province, was engaged in normal operations forming part of the employer's ordinary business. There was no essential difference in character between her work and that done by Robinson. One was as necessary in the conduct of the business as the other, and neither was incidental, in the sense in which that term was used in the passage just quoted. The only distinction is that the maid's work was done daily, while that of the man was called for at intervals. But the intermittent character of the employment is not of itself sufficient to exclude it from the purview of the statute. Section 14 does not except employments that are casual simply, but those that are *both* casual *and* not in the usual course of the business.

The award is affirmed.

Wilbur, J., Victor E. Shaw, J., *pro tem.,* Melvin, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.