[S. F. No. 9927.  In Bank.—January 28, 1922.]

A. E. PETERSON et al., Petitioners, v. INDUSTRIAL AC-CIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—MEMBERS OF FAMILY—CASUAL EMPLOYMENT—TOTAL DEPENDENCY.—Under the Workmen's Compensation Act, a sister and nephew of a deceased employee were properly awarded the compensation provided in the case of total dependency, where for several years prior and up to the time of his death he provided a home for them, the means to operate and maintain it, and lived with them, notwithstanding they at irregular periods during a few months of the year obtained casual employment.

[2] ID.—STATUS OF DEPENDENT — INCAPACITY OF SELF-SUPPORT UN-NECESSARY.—Under the Workmen's Compensation Act a person is not required to be physically or mentally incapable of supporting himself in order to be adjudged a dependent.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.  Award affirmed.

The facts are stated in the opinion of the court.

---

1.  Who is dependent within Workmen's Compensation Act, notes, Ann. Cas. 1913E, 480; Ann. Cas. 1918B, 479; L. R. A. 1916A, 121, 163, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483.

R. P. Wisecarver and Redman & Alexander for Petitioners.

A. E. Graupner for Respondents.

LENNON, J.—Petitioners in this proceeding seek by *certiorari* to annul a death benefit award of the Industrial Accident Commission in the sum of four thousand nine hundred dollars, made to Berta E. Griffin and Edward Griffin, a minor, the sister and nephew, respectively, of Adolphus N. Gibson, who died as the result of an injury received while in the employ as an electrical engineer of the petitioner, A. E. Peterson.

The commission found that the sister and nephew were totally dependent upon Gibson (hereinafter referred to as the deceased employee), and directed that the sum awarded as a death benefit be paid to the sister, who appeared in the proceeding before the commission as the guardian *ad litem* of the minor nephew.

The sole question presented here for determination is as to the sufficiency of the evidence to warrant the finding of the commission that the sister and nephew (hereinafter referred to as the applicants) were totally dependent for their support upon the deceased employee. It is conceded that if the applicants were, as found by the commission, totally dependent, they were entitled to the award made, which was well within the limitation of three times the annual earnings of the deceased employee provided by the Workmen's Compensation Act in the case of total dependence. (Workmen's Compensation Act of 1917, p. 839, sec. 9 [c] 1.)

It is contended, however, that the evidence adduced before the commission shows that the applicants were in fact no more than partial dependents of the deceased employee, and, therefore, in keeping with the provisions of section 9 (c) 2 of the Workmen's Compensation Act, were entitled to a death benefit award no greater in amount than the sum annually contributed to their support by the deceased employee, which, it is conceded, would not have exceeded the sum of eighteen hundred dollars.

The evidence shows that in 1913 the applicants came to California at the request of the deceased employee, and up to the time of his death he provided a home for them and

the means to operate and maintain it. He made this home . his home during all of said time, save and except during 1919, when he was attending night school in San Francisco. During this time, however, he invariably spent the weekends at his home in Palo Alto.

During all of this time the deceased employee contributed regularly to the support and maintenance of the family as thus constituted, such contributions averaging between forty and fifty dollars per month. With the money thus received the applicant, Mrs. Griffin, paid household bills and bought clothing for herself and her son. Whenever necessary for the support of the family, the deceased employee furnished additional sums, and frequently brought home groceries and other foodstuffs, as well as articles of clothing for the applicants. In short, it is apparent from a consideration of the evidence adduced upon the entire case that the deceased employee at all times contemplated the maintenance and support of the applicants in his home as members of his household. It is not disputed but that under the circumstances the applicants were in good faith members of the deceased employee's family and household, within the meaning of the Workmen's Compensation Act, and came specifically within the relationship defined in that act. (Workmen's Compensation Act of 1917, p. 844, sec. 14 [c].)

The claim of partial dependency is made and based on that portion of the evidence adduced before the commission which shows that one of the applicants, Mrs. Griffin, at irregular periods during the summer months of 1919 and 1920, was employed in taking charge and care of the children of neighbors at a fixed rate of twenty-five cents per hour, and earning thereby, during the times stated, an average of between ten and fifteen dollars per month. The other applicant, the nephew of the deceased employee, so the evidence shows, also worked for three or four months during the year 1919 delivering a daily paper, for which service he received an amount approximating five dollars a month during that period. Until that summer of 1919, applicant Mrs. Griffin had not done any work other than that of caring for the deceased employee's household. Her health generally had been poor, and she had not worked for three or four months prior to the time of the deceased employee's injury. Such small amounts as she had earned had been

188 Cal.—2

paid into the general family fund, and her son was allowed to keep for his own amusement and pleasure the five dollars a month he had earned, amounting in all to not more than fifteen or twenty dollars.

[1] The fact of the applicants' employment in the manner and at the times above stated, which concededly was uncertain and irregular, and at best continued only through a few months of a designated period, did not tend, in our opinion, in and of itself to fix and limit their status as partial dependents of the deceased employee at the time of the latter's injury.

The Workmen's Compensation Act of this state, after specifying who shall be conclusively presumed to be wholly dependent for support on a deceased employee—and the applicants here do not come within the classification of that specification—provides that "in all other cases questions of entire or partial dependency . . . shall be determined in accordance with the fact as the fact may be at the time of the injury of the employee." (Stats. 1917, p. 844, sec. 14 et seq.) [2] There is nothing in the act requiring that a person must be physically or mentally incapable of supporting himself in order to be adjudged a dependent. It is but a truism to say that total dependency exists where the applicants subsist entirely on the earnings of the deceased employee, but in applying this rule courts will not deprive applicants of the rights accorded total dependents, when otherwise entitled thereto, merely because of minor considerations or benefits which do not substantially affect or modify the status of the applicants toward the deceased employee. (*Bloomington-Bedford Stone Co.* v. *Phillips,* 65 Ind. App. 189 [116 N. E. 850].)

The case of *In re Lanman,* 65 Ind. App. 636 [117 N. E. 671], is not, in its facts, unlike the instant case. In that case Lanman, the deceased employee, was unmarried at the time of his death, and he, at that time and for a number of years prior thereto, had been the owner of residence property in which he and his mother and two sisters lived together until about six years before his death, during which time he provided the home and furnished it and supplied food and clothing for his mother and sisters. One of the sisters, Alice Lanman, died about five years prior to his death. Upon the death of his mother—about six years be-

fore his own death—the deceased advised the other sister, Luella Grace Lanman, the applicant in that case, not to worry, that he would furnish her a home and provide for her so long as he was able.   They thereupon entered into an arrangement whereby he was to furnish the home and provide for applicant, and she, in return, was to act as his housekeeper, which arrangement was carried out and continued in effect up to the time of his death, except for a period of three weeks, during which time she worked at her profession as a stenographer, but was compelled to give up the work on account of her health.   The court held that the sister was a total, rather than a partial, dependent, saying in this behalf that "if she was a dependent of her deceased brother in any degree, she was a total dependent. This would be true, although she may have been able to work for others, and thereby earn wages with which to support herself."

Inasmuch as the deceased employee in the instant case died in the month of January, 1920, the applicants' subsequent employment during the summer of 1920 can have no bearing upon the state of their dependency "at the time of the injury of the employee," but must be regarded only as the performance of an act of necessity to enable them to live.

The cases cited by petitioners in support of the writ are to be distinguished from the situation presented here in this, that in all of those cases it appeared that the applicants were held to. be partial dependents because of the fact that, as shown in evidence, they were possessed of an income, more or less substantial and permanent, from outside sources or investments.

It appearing that at the time of the deceased employee's injury the applicants were dependent upon his earnings and contributions for shelter, food, and clothing, and had no independent means of their own, it must be held that they were total dependents.

Award affirmed.

Waste, J., Lawlor, J., Wilbur, J., Shurtleff, J., and Sloane, J., concurred.

SHAW, C. J., Concurring.—It appears that Berta E. Griffin, sister of the deceased, earned about sixty dollars

during the year preceding her brother's death, and by fair inference that she could continue to earn that much or more. The brother contributed to the support of himself, his sister, and nephew about $720 a year, besides house rent and clothing, the cost of which was not proven. She cannot be said to have been "wholly" dependent, unless the case comes within the rule that the law disregards trifles. No rule can be laid down that will in all circumstances determine what constitutes a "trifle." The compensation law is an innovation upon rights of property in the interest of the general welfare and it cannot be stretched to fit all cases merely for the purpose of showing liberality. One cannot be liberal in the use of the money of others. I am willing to allow this case to go on the judgment of the commission, but I do not think the commission should go much further. For these reasons, I concur.

Rehearing denied.

All the Justices concurred.