HARTFORD ACCIDENT & INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and KATHERINE F. SAMPSON, Respondents.

[1] WORKMEN'S COMPENSATION ACT—CONDITION OF DEPENDENCY—TIME. In a proceeding before the Industrial Accident Commission for an award of compensation for the death of an employee, the question of the condition of dependency of the applicant, as being entire or partial, must be determined as of the date of the injury of the employee, and the extent of dependency should be fixed as of that date.

[2] ID.—TOTAL DEPENDENCY OF SISTER—EVIDENCE—SUBSEQUENT EMPLOYMENT.—In such proceeding, where the evidence shows that the applicant is a sister of the deceased, that at the time of the injury and death of the deceased she was living with him in a home which they had established, that at that time and for a period of about three months prior thereto she had been out of work and had received all of her support from moneys contributed by the deceased, the Commission is justified in finding that the condition of total dependency existed at the time of the accident; and the fact that the applicant subsequently obtained employment can have no bearing upon the state of her dependency at the time of the injury and death of the deceased.

(1) Workmen's Compensation Acts, C. J., p. 56, n. 29.   (2) Workmen's Compensation Acts, C. J., p. 115, n. 37.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Writ denied.

The facts are stated in the opinion of the court.

George L. Greer and J. M. Clements for Petitioner.

1. Time as to which dependency is to be determined under workmen's compensation statutes, notes, 13 A. L. R. 691; 30 A. L. R. 1256. See, also, 28 R. C. L. 774; 4 R. C. L. Supp. 1849; 5 R. C. L. Supp. 1562.

2. Proof of fact of dependency, notes, L. R. A. 1916A, 122; L. R. A. 1917D, 163; L. R. A. 1918F, 488; 13 A. L. R. 686; 30 A. L. R. 1253. See, also, 28 R. C. L. 772; 4 R. C. L. Supp. 1849; 5 R. C. L. Supp. 1562.

Warren H. Pillsbury for Respondents.

WASTE, J.—A petition to have this proceeding heard in the supreme court after decision and judgment in the district court of appeal was granted for the reason that the principal question here presented and involved in the case of *Great Western Power Co.* v. *Industrial Acc. Com.*, 191 Cal. 724 [218 Pac. 1009], relied on by the district court of appeal as authority for its conclusion, was, in effect, under reconsideration in a proceding in *certiorari*, instituted in this court after a second award made by the Commission in that case. The facts are fully stated in the opinion of the district court of appeal, which we have adopted as our own. The sole question presented by the application for a writ of review is the sufficiency of the evidence taken before the Industrial Accident Commission to sustain its finding that the applicant for compensation, a sister of the deceased employee, was wholly dependent upon him for her support.

[1] This court has held in a number of cases, including the decision *supra*, relied on by the district court of appeal, that the question of the condition of dependency, as being entire or partial, must be determined as of the date of the injury to the employee, and also that the extent of dependency should be fixed as of that date. (*Spreckels* v. *Industrial Acc. Com.*, 186 Cal. 256, 259 [199 Pac. 8]; *Great Western Power Co.* v. *Industrial Acc. Com.*, *supra; Market Street Ry. Co.* v. *Industrial Acc. Com.*, 193 Cal. 178, 182 [224 Pac. 95], and [just recently] *Great Western Power Co.* v. *Industrial Acc. Com.*, 196 Cal. 593 [238 Pac. 662].) It follows, therefore, that if the evidence before the respondent Commission supports the finding of total dependency the award in an amount equal to three times the average annual earnings of the decedent was properly made. (Workmen's Compensation Act, sec. 9 [Stats. 1917, p. 836].) We are satisfied that the district court of appeal has correctly disposed of the question, and we therefore adopt the opinion of Mr. Presiding Justice Conrey, concurred in by Mr. Justice Curtis and Mr. Justice Houser:

[2] "One Katherine F. Sampson presented to the Industrial Accident Commission her claim for compensation as a dependent of her brother Dudley Sampson, whose death

resulted from an injury received while working as an employee of the California Country Club. The Industrial Accident Commission having made its final award, the employer's insurance carrier brings this proceeding to have the award annulled.

"The amount allowed to the claimant was computed on the basis of total dependency of the applicant. The only question presented herein arises out of petitioner's claim that the evidence wholly fails in proof of such total dependency.

"The petition sets forth the entire testimony, together with the admissions and stipulations received at the hearing before the Commission. From this evidence the following facts appear: The death of Dudley Sampson occurred on August 12, 1924, and resulted from an accident which occurred that day. At that time the claimant was living with her brother in a home which they had established together. From the beginning of the year 1924 until the second week in May she had been employed and had paid an equal share with her brother in their common living expenses and in the monthly installments payable on the purchase price of the house where they lived. During the second week in May her employment ceased for the reason that she was 'out of work.' At that time she had no money and had no property except that she had an interest in the premises where they lived, which property was not fully paid for. From the second week in May until after her brother's death she continued to be unemployed, and received all of her support from moneys contributed by her brother. A few days after his death she again went to work. The evidence does not show what her occupation was or how much she earned then or thereafter.

"We are of the opinion that the evidence was sufficient to justify the Commission in finding the condition of total dependency at the time of the accident. In the case of *Great Western Power Co.* v. *Industrial Acc. Com.,* 191 Cal. 724, 730 [218 Pac. 1009], the Supreme Court quoted the provisions of the statute applicable to this question and held, referring to the matter of dependency of certain brothers and sisters of the decedent, that the fact of their dependency and the degree thereof must be determined 'in accordance with the existing fact at the time of the injury.'

"Counsel for petitioner suggests 'that the condition of dependency, if any, was a temporary one and not continuing and, in fact, only existing by reason of a shortage of work and in no way related to the physical, mental or social condition of his sister.' The evidence, however, is open to the inference that except for the death of her brother, the condition of dependency of the claimant might have continued indefinitely. 'There is nothing in the act requiring that a person must be physically or mentally incapable of supporting himself in order to be adjudged a dependent.' (*Peterson* v. *Industrial Acc. Com.*, 188 Cal. 15, at p. 18 [204 Pac. 390].) On the following page of the same decision, referring to the fact that the applicants obtained employment subsequent to the death of the person upon whom they were dependent, the court said that this fact could have no bearing upon the state of their dependency 'at the time of the injury of the employee,' but must be regarded only as the performance of an act of necessity to enable them to live."

The petition for the writ is denied.

Lawlor, J., Lennon, J., Seawell, J., Richards, J., and Knight, J., *pro tem.*, concurred.