[Civ. No. 10985. First Appellate District, Division Two.—March 1, 1939.]

RICHARD LEE TUTTLE et al., Minors, etc., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Edmund Scott for Petitioners.

Everett A. Corten and Eldon B. Spofford for Respondents.

SPENCE, J.—Petitioners are the children of Ray W. Tuttle, the deceased employee. Respondents Eugene Keith

Trautman and Lorraine O'Neil Trautman are not the children of said deceased but are the children of Rilla May Tuttle. The respondent commission found that all four of said children were wholly dependent upon said deceased and in effect divided the death benefit equally among them under the provisions of section 4703 of the Labor Code. Petitioners seek to annul said award claiming that there was no evidence to support the finding that the Trautman children were wholly dependent upon the deceased.

Said deceased had married Della C. Tuttle in Kansas in 1928. Petitioners were born of that marriage and were of the ages of eight and five years respectively at the time of the hearing. Said deceased and Della C. Tuttle separated in 1935 and although the wife commenced a divorce action, no decree was ever obtained. In 1936, deceased married Rilla May Tuttle in Nevada. She was formerly married to one Trautman and the Trautman children were the issue of her former marriage. They were of the ages of eighteen and thirteen years respectively at the time of the hearing. The Trautmans had been divorced and the wife (said Rilla May Tuttle) had accepted $1,000 in a property settlement and had agreed to support said Trautman children. She was employed and supporting her children at the time of her marriage to the deceased in 1936 and was practically continuously employed thereafter up to the time of the death of said deceased in July, 1938. Said Rilla May Tuttle, together with her children (the Trautman children) had been living with deceased in Oakland for some time prior to his death.

No claim is asserted in this proceeding on behalf of either Della C. Tuttle or Rilla May Tuttle. The controversy is solely one involving the respective rights of the Tuttle children, the petitioners, and the Trautman children, the respondents. It is conceded by respondents that the Tuttle children were entitled to the benefit of the conclusive presumption that they were wholly dependent (Labor Code, sec. 3501), and that the Trautman children were not entitled to the benefit of said presumption. On the other hand, petitioners do not question the claim that the Trautman children were in good faith members of the household of the deceased within the meaning of section 3503 of the Labor Code. It therefore appears that the question of whether the Trautman children were wholly dependent or only partially dependent upon the

deceased was one to be determined in accordance with the facts as shown by the evidence and without the aid of any presumptions. (Labor Code, sec. 3502.)

One further observation should be made before discussing the testimony relating to the issue of dependency. It is conceded by respondents that the respondent commission did not purport to make the award under the powers granted to the commission by section 4704 of the Labor Code, and that the award was based solely upon the finding that the Trautman children were wholly dependent.

There appears to be no real conflict in the evidence relating to the extent of the dependency of the Trautman children. The evidence on this issue is found mainly in the testimony of said Rilla May Tuttle. It appears that both the deceased and said Rilla May Tuttle worked and earned money; that all of the earnings of both were used for the support of said parties and the Trautman children; that the employment of Rilla M. Tuttle was at least as steady as that of deceased; that the deceased "averaged from $30.00 to $45.00 a week; that is the year previous"; that in his last position, held for several months before the accident, he worked by the hour and his wages varied; that he earned the following amounts during said months: March $30, April $124.45, May $131.90 and June $154.48; that said Rilla May Tuttle averaged between $16 and $18 per week as a laundry marker and distributor. The foregoing evidence is entirely in harmony with two other statements of the witness Rilla May Tuttle, one of which was to the effect that deceased supported her and her two children and the other of which was to the effect that she used her own earnings to help support herself and her two children. It was simply a case where two wage-earners were jointly supporting four persons including themselves by contributing all of the earnings of both wage-earners to that purpose. The wages of the deceased averaged about two-thirds of the total amount while the wages of Rilla May Tuttle averaged about one-third of the total amount.

Under the circumstances, we are of the opinion that the finding that the Trautman children were wholly dependent upon the deceased finds no support in the evidence. The uncontradicted evidence showed that their mother steadily contributed substantial sums toward their support and there-

fore their dependency upon the deceased was not more than partial.

Respondents cite and rely upon the rule stated in *Peterson* v. *Industrial Acc. Com.*, 188 Cal. 15, where the court said at page 18 [204 Pac. 390, 391] : "It is but a truism to say that total dependency exists where the applicants subsist entirely on the earnings of the deceased employee, but in applying this rule courts will not deprive applicants of the rights accorded total dependents, when otherwise entitled thereto, merely because of minor considerations or benefits which do not substantially affect or modify the status of the applicants toward the deceased employee." But in that case the earnings were very small and the court pointed out that the employment "was uncertain and irregular, and at best continued only through a few months of a designated period". As pointed out in the concurring opinion, the finding of total dependency could be sustained upon the ground that "the law disregards trifles". The distinction between the facts in that case and those before us is obvious and there is no room here for the application of the rule above quoted.

The award is annulled.

Nourse, P. J., and Sturtevant, J., concurred.