[Civ. No. 12342.   First Dist., Div. Two.   Mar. 12, 1943.]

LONDON GUARANTEE & ACCIDENT COMPANY LTD. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BARBARA BUTTERFIELD, a Minor, etc., Respondents.

W. N. Mullen for Petitioner.

Everett A. Corten, J. Gould and George C. Faulkner for Respondents.

SPENCE, J.—Petitioner seeks the annulment of an award of the respondent commission in which the applicant Barbara Butterfield was awarded a death benefit of $6,000, in

addition to burial expenses, for the death of Archie S. Rosier, the deceased employee. Said award was based upon the finding that the deceased "left surviving and wholly dependent upon him, Barbara Butterfield, a minor, his acknowledged grand-niece, and a member of said deceased employee's household in good faith at the time of and prior to the injury and death of the deceased . . ."

Petitioner contends that the evidence was insufficient to sustain the finding that the applicant was "wholly dependent" upon the deceased and, in our opinion, this contention must be sustained. The essential facts are not in dispute.

All parties are agreed that the applicant was not within the class of persons who are conclusively presumed to be wholly dependent (Lab. Code, sec. 3501); that the applicant was, however, a member in good faith of the household of the deceased (Lab. Code, sec. 3502); and that the question of the existence as well as of the extent of the dependency must be determined in accordance with the facts as they existed at the time of the injury of the deceased. (Lab. Code, sec. 3502).

Deceased was a granduncle of the applicant, having married applicant's grandaunt. He died on July 10, 1942, as the result of an industrial injury received on that day. He was a steel window erector and was earning $64 per week. The applicant was 18 years of age and had been steadily employed as an usherette for some time prior to the death of the deceased at a wage of approximately $80 per month. She lived in the home of the deceased, doing certain housework for the deceased, and the latter paid all the ordinary expenses for the maintenance of the home. The applicant had, however, spent all her earnings during the past year upon herself for the purpose of maintaining a certain standard of living. There is an abundance of testimony showing in detail the purpose for which the various expenditures were made by the applicant and the deceased, but we need only summarize such testimony here. Deceased paid the rent, utility bills, food bills, medical bills and also the bills resulting from charge accounts at certain restaurants and other places. The applicant paid for some of her clothes, admittedly having spent at least $200 out of her own earnings for that purpose during the year immediately preceding the death of the deceased. She paid for some of her meals which she ate away from the home and

also paid all her incidental expenses such as those for carfare, taxifare, cosmetics and amusements, including dancing, bowling and ice-skating. These incidental expenses were quite substantial in amount according to the figures given by the applicant. It therefore appears from the uncontradicted evidence of the applicant herself that the applicant was maintaining a standard of living which required the contributions of both the deceased and herself and that the contributions made by the applicant consisted of all her earnings which were sub-her in her position as an usherette. Under the circumstances, stantial in amount and which were regularly received by it would seem to do violence to the terms to hold that the applicant was wholly dependent upon the deceased rather than merely partially dependent upon him.

While many authorities are cited by the parties, it appears that the rules set forth in *Peterson* v. *Industrial Acc. Com.*, 188 Cal. 15 [204 P. 390] and *Tuttle* v. *Industrial Acc. Com.*, 31 Cal.App.2 279 [87 P.2d 881] are controlling here. In the Peterson case an award based upon a finding of total dependency was affirmed while in the Tuttle case, an award based upon a finding of total dependency was annulled upon the ground that the evidence was insufficient to support the finding of total dependency. In the Peterson case the finding of the applicants' total dependency upon the deceased employee at the time of the latter's injury was affirmed despite the fact that the applicants had had some employment at other times which, however, was "uncertain and irregular, and at best continued only through a few months of a designated period." The court there said on page 18, "It is but a truism to say that total dependency exists where the applicants subsist entirely on the earnings of the deceased employee, but in applying this rule courts will not deprive applicants of the rights accorded total dependents, when otherwise entitled thereto, merely because of minor considerations or benefits which do not substantially affect or modify the status of the applicants toward the deceased employee." In the concurring opinion, it was indicated that the award there could be affirmed only upon the ground that "the law disregards trifles." The Peterson case was distinguished in the Tuttle case upon the ground that the earnings of the mother of the applicants in the Tuttle case, which earnings averaged between $16 and $18 per week and were contributed to the support of the applicants, the mother and the

deceased employee, could not be considered as "trifles" or as "minor considerations or benefits." In that case, it was said on pages 281 and 282, "Under the circumstances, we are of the opinion that the finding that the Trautman children were wholly dependent upon the deceased finds no support in the evidence. The uncontradicted evidence showed that their mother steadily contributed substantial sums toward their support and therefore their dependency upon the deceased was not more than partial."

The distinction between the facts in the Peterson case and those in the case before us is entirely apparent. Here we have an applicant who, at the time of the death of the deceased, was regularly receiving substantial earnings from her employment as an usherette and was expending all of said earnings upon herself alone and for her support in maintaining her standard of living. Under the rule of the Tuttle case, the evidence was insufficient to support a finding of total dependency. In this connection, we believe it is immaterial that the deceased may have furnished the applicant with most of what may be termed the necessities of life and that the applicant expended most of her earnings upon what may be termed the luxuries of life; and we believe it is further immaterial that after the death of the deceased, the applicant could no longer maintain the same standard of living without assistance. Such facts show a case of partial dependency rather than of total dependency.

In the reply brief petitioner seems to contend that the evidence was insufficient to show even partial dependency. This contention is apparently based upon the fact that the earnings of the applicant would have been sufficient to have supplied her with the bare necessities of life. But the question of dependency involves a consideration of the mode or standard of living of the alleged dependent. In affirming an award, based upon a finding of partial dependency, the court said in *London Guarantee & Accident Co.* v. *Industrial Acc. Com.*, 203 Cal. 12 [263 P. 196] at page 16, "The true test of dependency is stated as follows in volume 1916A L.R.A., page 248: 'Dependency . . . does not mean absolute dependency for the necessities of life; it is sufficient that contributions of the workman are looked to for support in the maintenance of the dependent's accustomed mode of living.'" And in Campbell on Workmen's Compensation, vol. I, sec. 890, page 787, it is said, "The test is whether the dependent

relied upon contributions of the employee, wholly or partially, for living expense necessary and proper to the class and position in life of the dependent." We therefore find no merit in the last mentioned contention of petitioner but the existing award, based upon a finding of total dependency, cannot be permitted to stand.

The award is annulled.

Nourse, P. J., and Dooling, J. pro tem., concurred.