[L. A. No. 20363. In Bank. Apr. 29, 1948.]

BESSIE D. COBORN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Haight, Trippet & Syvertson and Roy A. Gustafson for Petitioner.

R. C. McKellips, John A. Rowe, Jr., T. Groezinger, Herlihy & Herlihy and K. A. Stoll for Respondents.

SHENK, J.—The petitioner seeks a review and the annulment of an award based on a finding of partial dependency, on the ground that the commission exceeded its jurisdiction in failing to find total dependency.

Allen G. Coborn, the petitioner's son, was instantly killed on July 13, 1946, while he was employed as a truck driver. The only question here is whether the facts bearing on the petitioner's dependency as a matter of law require the commission to make a finding of total dependency. Those facts are briefly:

The decedent was born in 1908. His mother was about 61 years of age at the time of the accident and had been a widow since the son was four years old. The son had been married. A decree of divorce became final as of January 4, 1945. He paid no support money to his wife and there was no issue of the marriage. He lived in a hotel room for which he paid $10 per week. He had considered remarrying but he informed his mother a few days before the accident that the plan would not be carried out. His earnings from his employment were in excess of $500 per month.

The petitioner lived in a small apartment. Her living expenses, including rent of $25 but excluding clothing, were $155 per month. Prior to August, 1945, she worked in a defense plant, earning $38 to $40 per week, but one week after V-J day that employment terminated. In that month the son made his first contribution to her support in the sum of $45. From that date she drew $20 per week in unemployment insurance for 23 weeks. She had about $1,000 in a savings account, a portion of which she used in an attempt to obtain a patent for a pie box invention. Her son's contributions continued in varying amounts, usually in cash, the largest being $170 in January, 1946. According to the petitioner's own computation from figures not otherwise in evidence, the average monthly contribution was $70. In January, 1946,

she fell from a stepladder in her home and received insurance of $26.

On April 23, 1946, the petitioner accepted steady part-time work in a cafeteria and continued in that employment to and including the day of her son's death. She received a gross of $288.62, which was an average of about $25 per week for that employment period. On the day of her son's death she had $235 left in her savings account and about $207 in cash. She testified that she accepted the part time work for the limited purpose of accumulating a small reserve to be used for mattress, pillows, gowns, slippers and kimonos needed for a period of convalescence after a contemplated operation which was deemed necessary by her and her son, the expense of which otherwise the son intended to pay; that he did not know she was working until about a month before his death; that he expressed an objection to her working, and stated his intention to provide her entire support; and that she intended to quit before the first of August, 1946, because she had not been well.

The commission made a finding of partial dependency and thereon based an award of $2,940, and made an additional award of $300 reimbursement for funeral expense.

The matter of the petitioner's dependency is governed by section 3502 of the Labor Code, which provides that the extent thereof ''shall be determined in accordance with the facts as they exist at the time of the injury of the employee.''

The petitioner contends that, conceding her employment at the time of the accident, the evidence shows that her son was supplying all her ordinary needs, and that the small amount received from the cafeteria was not for her ordinary expenses, but was a minor consideration intended for a specific purpose, which under the doctrine of such cases as *Peterson* v. *Industrial Acc. Com.*, 188 Cal. 15 [204 P. 390], should not deprive her of the benefits of total dependency.

In the Peterson case it was held that applicants should not be deprived of the rights accorded total dependents merely because of minor considerations or benefits which do not substantially affect or modify the existing status. This court recognized the theory of the Compensation Act that dependents were to be compensated for the loss of the support they were receiving from the decedent at the time of his injury, computed on the rate of contribution at the time. (*Spreckels Sugar Co.* v. *Industrial Acc. Com.*, 186 Cal. 256 [199 P. 8].)

It was decided that irregular employment in taking charge of neighbors' children, or work for a limited period in delivering a daily paper, did not affect a status otherwise of total dependency. It was concluded that since at the time of the deceased employee's injury the applicants were dependent upon his earnings and contributions for shelter, food, and clothing, and had no independent means of their own, they were total dependents, and an award of total dependency was affirmed. The same principle was applied in affirming an award of partial dependency in *London Guarantee & Accident Co., Ltd.* v. *Industrial Acc. Com.*, 203 Cal. 12 [263 P. 196] (where ownership of property was held not to prevent dependency); also in *Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 204 Cal. 427 [268 P. 633] (where an award based on total dependency was affirmed although the dependent received a "little" assistance temporarily from showing rooms to prospective tenants of an apartment house, the court saying that the commission was justified in disregarding the amount as inconsequential). (See also *Pacific Employers Ins. Co.* v. *Chavez*, 5 Cal.2d 247 [54 P.2d 701]; *Ocean Accident & Guarantee Corp.*, v. *Industrial Acc. Com.*, 88 Cal. App. 369 [263 P. 823].) The following decisions of the Industrial Accident Commission also show that it is fully aware of the principle and its application in appropriate cases: *Flatland* v. *Industrial Acc. Com.*, (1936) 1 C.C.C. 55; *Independent Crop Dusting, Inc.* v. *Industrial Acc. Com.*, (1936) 1 C.C.C. 63; *Royal Indemnity Co.* v. *Industrial Acc. Com.*, (1939) 4 C.C.C. 168; *National Automobile Ins. Co.* v. *Industrial Acc. Com.*, (1941) 6 C.C.C. 74; *Associated Indemnity Corp.* v. *Industrial Acc. Co.*, (1943) 8 C.C.C. 73; *Colonial Ins. Co.* v. *Industrial Acc. Com.*, (1946) 11 C.C.C. 50.

The findings and conclusions of the commission were based on the referee's report the substance of which was that a consideration of the evidence in the light of the Peterson case did not compel the conclusion that the sums contributed by the applicant to her own support were inconsequential, but that on the contrary they were substantial; that she had regular employment bringing in earnings of over $80 per month which were used toward keeping up a standard of living above that which the son provided.

It is not the function of this court to search only for evidence or inference which might support the petitioner's views. It may be assumed that inferences from the factual

record would support such a conclusion, had it been reached by the commission. The first duty of the court is to search the record to discover whether the evidence is reasonably susceptible to the inferences drawn by the commission in support of its conclusion, and upon favorable discovery to affirm the award. (*Hartford Acc. & Indem. Co.* v. *Industrial Acc. Com.*, 197 Cal. 17 [239 P. 330].)

There is no direct evidence which supports the petitioner's conclusion that the son was contributing her entire living expenses at the time of his death. On the other hand the evidence is susceptible to the inference and conclusion stated by the referee and adopted by the commission. From the evidence the commission could reasonably conclude, as it did, that the petitioner had been supporting herself in part, was so supporting herself at the time of the injury, and that the son contributed only partially to the total amount needed for her ordinary living expenses. On that condition of the record the court cannot draw a conclusion in accord with the petitioner's contention without usurping the function of the commission. Questions of the substantial or inconsequential nature of support contributions to the dependent are primarily for the commission to determine from the facts of each particular case. The framework of the Compensation Act shows the legislative intent to leave such questions for determination by the commission. Only where there is no evidence of substance to support its determination may the award based thereon be annulled. (Lab. Code §§ 5952, 5953; *Southern Pacific Co.* v. *Industrial Acc. Com.*, 177 Cal. 378, 380 [170 P. 822]; *Walker* v. *Industrial Acc. Com.*, 177 Cal. 737, 738 [171 P. 954, L.R.A. 1918 F 212]; *Myers* v. *Industrial Acc. Com.*, 191 Cal. 673, 676-677 [218 P. 11]; *Stoll* v. *Industrial Acc. Com.*, 20 Cal.2d 440, 445 [126 P.2d 865]; *Lockheed Aircraft Corp.* v. *Industrial Acc. Com.*, 28 Cal.2d 756, 760-761 [172 P.2d 1]; *Helmick* v. *Industrial Acc. Com.*, 46 Cal. App.2d 651, 657, 661 [116 P.2d 658]; *Gardner* v. *Industrial Acc. Com.*, 73 Cal.App.2d 361, 362-363 [166 P.2d 362].)

We conclude that the evidence supports the commission's finding that the condition existing at the time of the employee's death was one of partial dependency of the applicant. No question arises as to the correctness of the award based thereon. The award is affirmed.

Gibson, C. J., Carter, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I am constrained to concur in the judgment of affirmance because, and only because, I am convinced there is some evidence in the record which tends to support the finding of the commission that petitioner was *only partially* dependent on deceased at the time of the latter's injury and death. While there is, in my opinion, ample evidence to support a finding of total dependency, there is also some evidence of partial dependency. In this state of the record we are required to sustain the finding of partial dependency and affirm the award.

It is not the function of an appellate court to weigh the evidence or to pass upon the reasonableness of conflicting inferences which may be drawn from the evidence even if that evidence is undisputed. Under our system of jurisprudence the weighing of the evidence and the determination of the effect of the inferences to be drawn therefrom is solely for the trier of fact (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689] ; *Eagles* v. *Samuels,* 329 U.S. 304 [67 S.Ct. 313, 91 L.Ed. 308] ; *Tennant* v. *Peoria & P. U. R. Co.,* 321 U.S. 29 [64 S.Ct. 409, 88 L.Ed. 520] ; *Ellis* v. *Union Pacific Ry. Co.,* 329 U.S. 649 [67 S.Ct. 598, 91 L.Ed. 571] ; *Labor Bd.* v. *Hearst Publications,* 322 U.S. 111 [64 S.Ct. 851, 88 L.Ed. 1170] ; *Commissioner* v. *Scottish Amer. Co.,* 323 U.S. 119 [65 S.Ct. 169, 89 L.Ed. 113] ; *Unemployment Compensation Commission* v. *Aragon,* 329 U.S. 143 [67 S.Ct. 245, 91 L.Ed. 136] ; *Cardillo* v. *Liberty Mut. Ins. Co.,* 330 U.S. 469 [67 S.Ct. 801, 91 L.Ed. 1028]). The same rule is applicable to the review of proceedings before the Industrial Accident Commission.

The chief difference in the function of an appellate court in reviewing awards of the Industrial Accident Commission and judgments and orders of a trial court is, that the Labor Code expressly provides that: ''The provisions of Division IV and Division V of this code shall be *liberally construed by the courts* with the purpose of extending their benefits for the protection of persons injured in the course of their employment.'' (Lab. Code, § 3202.) [Emphasis added.] This provision is, of course, applicable to the review by this court and the District Courts of Appeal of awards made by the Industrial Accident Commission. There is no such provision of law applicable to a review of judgments and orders of trial courts. Notwithstanding the provisions of section 3202 of the Labor Code, some courts have applied the more conservative rules of the common law to the review of awards of

the Industrial Accident Commission and annulled many of such awards in favor of injured employees or their dependents in cases where such awards would have been affirmed had the rule of liberal construction provided for in section 3202 of the Labor Code been applied. (See, dissenting opinions in *Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388, 397 [182 P.2d 159, 163], and *California Shipbuilding Corp.* v. *Industrial Acc. Com.*, 31 Cal.2d 270, 275 [188 P.2d 32].)

This case was first decided by the District Court of Appeal, Second Appellate District, Division One, and the decision rendered therein annulled the award of partial dependency and remanded the cause to the respondent commission with directions to find that petitioner was totally dependent upon deceased and to enter an award on that basis. (81 A.C.A. 181 [183 P.2d 691].) The view expressed by the District Court of Appeal in its opinion was to the effect that there was no conflict in the evidence relative to the total dependency of petitioner, and that the Industrial Accident Commission therefore exceeded its jurisdiction in rendering an award based upon partial dependency only. This opinion is well reasoned, and when read in the light of the majority opinion of this court in this case, demonstrates the closeness of the factual situation upon which the finding of the commission is based. The record clearly presents a factual picture upon which reasonable minds might differ as to whether petitioner was totally or only partially dependent upon deceased at the time of his injury which resulted in his death. In view of the conclusion reached by the majority of this court that there is a conflict in the evidence on this issue, and the commission having found in favor of partial dependency, under the rules above stated, the award must be affirmed.

SPENCE, J.—I concur in the judgment as petitioner's own testimony showed, as a matter of law, that her dependency was "partial" rather than "entire." (Lab. Code, § 3502.) Accepting petitioner's testimony as true, the situation "existing at the time of the injury" of the deceased on July 13, 1946, was as follows:

Petitioner was then regularly employed at part-time work earning over $100 per month, which was approximately two-thirds of her living expenses of $155 per month. Deceased had never contributed anything to the support of petitioner

prior to August, 1945, at which time petitioner ceased working in a defense plant and started to draw unemployment insurance. Thereafter and during the period between August, 1945, and the death of the deceased on July 13, 1946, deceased's contributions to petitioner's support averaged $70 per month, which was less than one-half of petitioner's living expenses.

These admitted facts show a typical case of "partial" dependency as found by the commission, and it seems clear that if a finding of "entire" or "total" dependency had been made, such finding could not have been sustained. (*London Guar. etc. Co.* v. *Industrial Acc. Com.*, 57 Cal.App.2d 616 [135 P.2d 7]; *Tuttle* v. *Industrial Acc. Com.*, 31 Cal.App.2d 279 [87 P.2d 881].)

Edmonds, J., concurred.