[No. B156948. Second Dist., Div. Eight. Oct. 21, 2002.]

RAYMOND YBARRA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and SUBSEQUENT
INJURIES FUND, Respondents.

**COUNSEL**

Lewis, Marenstein, Wicke & Sherwin and Michael B. Lewis for Petitioner.

John Rea, Steven A. McGinty and John J. Korbol for Respondents.

**OPINION**

**BOLAND, J.—**

### SUMMARY

Petitioner seeks review of a decision by the Workers' Compensation Appeals Board (WCAB), which adopted the recommendation of a workers'

compensation administrative law judge allowing a reduction of petitioner's workers' compensation award by the amount of his disability retirement pension. We conclude the WCAB decision was erroneous inasmuch as petitioner's disability retirement pension was based solely upon his work-related orthopedic injuries and was unrelated to the workers' compensation award for a preexisting hypertension and gastrointestinal condition.

## FACTUAL AND PROCEDURAL BACKGROUND

This petition brought by former Los Angeles County Deputy Sheriff Raymond Ybarra involves two claims for workers' compensation benefits. The first claim was for hypertension and for cumulative trauma to petitioner's gastrointestinal system that occurred from 1983 to 1994. The second claim was for a work-related injury to his shoulder and knees occurring in 1997. Petitioner was awarded benefits for each of his injuries. His preexisting condition was assigned a 41 percent disability, while his subsequent orthopedic injury was deemed a 61 percent disability.

Following the award, petitioner applied for a disability pension from the Los Angeles County Employees Retirement Association (LACERA). He asserted he was permanently disabled from resuming his position at the sheriff's department due to his shoulder and knee injuries and to his hypertension and gastrointestinal condition. An orthopedic surgeon selected by LACERA, Stanley G. Robboy, M.D., examined petitioner and concluded he was permanently disabled from resuming his employment with the county. Petitioner thereafter was granted a work-related disability pension based on Dr. Robboy's orthopedic evaluation.[1]

After he was granted a disability pension, petitioner filed an application with the Subsequent Injuries Fund (SIF) for additional benefits. Under Labor Code section 4751, SIF is authorized to pay for the amount of an employee's disability over the workers' compensation insurance payment when an employee has a preexisting nonindustrial or industrial disability and a subsequent industrial disability of at least 35 percent, which combine to make the employee 70 percent or more disabled. Petitioner contended his work-related orthopedic injury, combined with his preexisting condition, qualified him for SIF benefits with an overall disability of 81 percent.[2]

Although SIF determined petitioner was entitled to receive the additional benefits, SIF asserted his award was subject to reduction by operation of

---

[1]LACERA did not have petitioner's preexisting injuries medically evaluated.

[2]The 81 percent overall disability percentage was achieved by utilizing the schedule for rating permanent disability, under the provisions of the State of California and the multiple disabilities table. There is no dispute between the parties that the petitioner's orthopedic disability of 61 percent and preexisting disability of 41 percent produce 81 percent under the table.

Labor Code section 4753. That section provides for reduction of SIF benefits to the extent the employee receives payments from another source due to a preexisting disability. SIF claimed it was entitled to a credit for the portion of petitioner's LACERA disability pension attributable to his preexisting condition resulting from hypertension and gastrointestinal system trauma. Petitioner disputes SIF's entitlement to a credit against petitioner's disability retirement payments, contending SIF presented no evidence that petitioner's disability retirement was based on the preexisting disability.

The matter was heard by a workers' compensation administrative law judge. In a report submitted to the WCAB, the judge recommended a finding that petitioner was eligible for SIF benefits, but that SIF was entitled to assert a credit against petitioner's disability retirement benefits. The WCAB adopted the judge's recommendations.

Petitioner filed a timely petition for review of the WCAB's decision. This court granted a writ of review.

### DISCUSSION

■ The WCAB is required to determine factual questions in accordance with the preponderance of the evidence standard. (Lab. Code, § 3202.5.) Its factual determinations, if supported by substantial evidence, are binding on the parties upon appellate review. (*LeVesque v. Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432].) While the WCAB may draw reasonable inferences from the evidence, this court may only determine whether the evidence is susceptible to the inferences drawn. (*Phoenix Indemn. Co. v. Ind. Acc. Com.* (1948) 31 Cal.2d 856, 859 [193 P.2d 745]; *Coborn v. Industrial Acc. Com.* (1948) 31 Cal.2d 713, 716 [192 P.2d 959].)

■ The parties dispute the basis upon which LACERA granted petitioner's disability retirement.

SIF contends LACERA's disability retirement determination was not based exclusively on petitioner's orthopedic disability. SIF argues LACERA considered petitioner's medical history in which he complains about his hypertension and gastrointestinal condition and that the latter problem prevented his return to work. SIF also points out LACERA reviewed the report of petitioner's internist before making its determination.

LACERA's disability determination is contained in its "Disability Retirement Evaluation Report." Under "Current Symptoms/Complaints," the report notes petitioner stated in his application that he would not be able to

return to work due to both his orthopedic injuries and his internal conditions. Following the summary, the report stated, under "Staff Recommendation," "Based on the panel physicians report and findings, staff recommends that the applicant be granted a service-connected disability retirement."

Although petitioner submitted medical evaluations prepared by his own internists and orthopedists, LACERA relied upon the evaluation of its panel orthopedic surgeon, Dr. Stanley G. Robboy, in making its determination. Under the "Permanent Incapacity" section of the report, Dr. Robboy concluded: "A person having Mr. Ybarra's right knee and right shoulder condition would normally be precluded from engaging in occupations requiring prolonged or repetitive abduction or forward flexion of the right upper extremity above shoulder level, very heavy lifting with the right upper extremity, and repetitive kneeling, stooping, squatting, repetitive ascending of ladders, ramps or stairs, and prolonged walking or standing. It is felt that Mr. Ybarra would experience an increase in his right knee and right shoulder symptoms and a worsening of the underlying condition in performing certain of the work duties of the position of a deputy sheriff. . . . It is also noted that the position of a deputy sheriff is classified as Physical Class '4'— arduous work. This, in turn, is defined as involving frequent heavy lifting. It is on these bases that Mr. Ybarra is felt to be permanently incapacitated."

Dr. Robboy found that petitioner's disability was due solely to his orthopedic injuries. Petitioner's retirement application was granted by LACERA based on Dr. Robboy's report alone. No ambiguity appears in LACERA's determination.

SIF further argues that the staff recommendation contained in the LACERA report was based not only on petitioner's orthopedic disability, but also on the history taken from petitioner in which he complained about the disabling nature of his hypertension and gastrointestinal conditions, and his inability to return to work owing to the latter condition. Moreover, SIF argues, LACERA reviewed petitioner's internist's medical evaluation in preparing its report. Further, at oral argument, SIF contended the LACERA report and recommendation failed to reflect the staff deliberations regarding petitioner's preexisting internal conditions.

While LACERA may have considered petitioner's preexisting conditions in addition to his orthopedic disability, it does not appear that it based its decision on the other conditions. The only disability specified in the report is the orthopedic disability.

SIF finally argues that, in petitioner's disability retirement application, he described his disability as due to both his orthopedic injuries and internal

conditions. Under item 1 of his application, petitioner stated the injuries or conditions that caused his disability were "Both Knees, Right Shoulder[,] . . . High Blood Pressure—Gastrointestinal . . . ." However, under item 7, where he was asked to state the duties he was unable to perform due to his disability, petitioner described only his orthopedic restrictions: "I am unable to perform my job duties. I am unable to stand or walk for prolonged periods. I am unable to perform heavy work."

In sum, LACERA granted petitioner's disability retirement, not predicated on petitioner's description of his disabilities, but on Dr. Robboy's medical evaluation. Neither the petitioner's application nor other conditions discussed in the disability retirement evaluation report constitute substantial evidence to support the WCAB conclusions when compared with LACERA staff recommendation and the basis for that recommendation.

## DISPOSITION

The decision of the Workers' Compensation Appeal Board is annulled, and the matter is remanded for further proceedings consistent with this opinion.

Cooper, P. J., and Rubin, J., concurred.

A petition for a rehearing was denied November 19, 2002.